**265E-CC00677**

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

**STATE OF MISSOURI**
**TWENTY-THIRD JUDICIAL COURT**
**CIRCUIT COURT OF JEFFERSON COUNTY**

**EXHIBIT**

**A**

| | | |
|---|---|---|
| **SHAWN CARDEN** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **MARCUS THEATRES, LLC d/b/a** | ) | |
| **MARCUS ARNOLD CINEMA** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| Serve:  221 Bolivar Street | ) | |
|        Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION**

COMES NOW, Plaintiff, Shawn Carden ("Plaintiff" or "Carden") by and through his undersigned counsel, David A. Nester, of Morgan & Morgan, P.A., and for his cause of action against Defendant, Marcus Theatres, LLC d/b/a Marcus Arnold Cinema ("Defendant" or "Marcus"), states to the Court as follows:

**PARTIES**

1.      At all times relevant hereto, Plaintiff, Shawn Carden, was and is a citizen and resident of the State of Missouri.

2.      At all times relevant hereto, upon information and belief, Defendant, Marcus Theatres, LLC, was and is a limited liability company authorized to do business in the State of Missouri and owns, operates, manages, and/or controls the Marcus Arnold Cinema located at 1912 Richardson Road, Arnold, Missouri 63010.

1

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

## VENUE AND PERSONAL JURISDICTION

3.      Venue is proper in the Circuit Court of St. Louis County pursuant to RSMo §508.010 because Plaintiff was first injured in St. Louis County in the State of Missouri.

4.      Jurisdiction is proper over the Defendants in the State of Missouri pursuant to RSMo § 506.500 because Defendants committed tortious acts within the State of Missouri and transacted business within the State of Missouri.

## FACTUAL ALLEGATIONS

5.      At all times relevant herein, Defendant, Marcus Theatres, LLC, owned, operated, managed, maintained, and controlled the Marcus Arnold Cinema located at 1912 Richardson Road, Arnold, Missouri 63010 (hereinafter the "Premises"). Defendant was responsible for maintaining the Premises in a reasonably safe condition for its patrons and invitees.

6.      On or about February 6, 2025, Plaintiff, Shawn Carden, was lawfully present on the Defendant's premises (the "Premises") as a business invitee.

7.      Prior to the incident, Plaintiff's son and his son's girlfriend mistakenly occupied seats assigned to, or occupied by, a separate group of patrons consisting of approximately four men and two women (the "Disruptive Group").

8.      Although the seating mistake was immediately recognized and corrected, members of the Disruptive Group immediately became hostile, confrontational, and aggressive toward Plaintiff's son and his girlfriend.

9.      Throughout the duration of the movie, members of the Disruptive Group engaged in a continuous pattern of verbal harassment, threats, and highly disruptive, intimidating conduct.

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

10. The ongoing harassment included, but was not limited to, throwing objects and popcorn at Plaintiff's son and making explicit, repeated threats of physical violence regarding a further confrontation after the movie concluded.

11. Plaintiff, Shawn Carden, arrived at the theater before the movie concluded after learning of the ongoing, escalating threats of physical violence directed toward his son.

12. Upon his arrival, Plaintiff discovered that the access doors to the theater were locked, and that no theater employees, managers, security personnel, or other representatives of Defendant were readily available to address the escalating crisis or protect patrons from the open and obvious risk of violence.

13. After the movie ended, the hostile confrontation continued outside on the Premises, specifically within Defendant's parking lot, where members of the Disruptive Group surrounded and verbally threatened Plaintiff and his son.

14. During this parking lot confrontation, the operator of a truck occupied by members of the Disruptive Group aggressively accelerated and lurched the vehicle directly toward Plaintiff, causing Plaintiff to suffer immediate, severe fear of imminent bodily harm or death.

15. As Plaintiff attempted to disengage and retreat to his vehicle, a member of the Disruptive Group pursued him, kicked Plaintiff's vehicle, and physically blocked Plaintiff's ability to enter his vehicle.

16. Immediately thereafter, a member of the Disruptive Group violently punched Plaintiff in the face, forcing Plaintiff to act in lawful self-defense to protect himself from the physical battery.

3

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

17. The violence escalated further when another member of the Disruptive Group intentionally, recklessly, and/or negligently drove a vehicle directly into Plaintiff, striking Plaintiff with substantial force and inflicting severe bodily injuries.

18. Responding law enforcement officers arrived at the scene while the violent incident was ongoing.

19. Although members of the Disruptive Group falsely reported to arriving officers that Plaintiff possessed a firearm, a police investigation immediately determined that Plaintiff was entirely unarmed and had no weapon in his possession.

20. The violent assault inflicted upon Plaintiff was not a sudden, random, or isolated event.

21. Rather, the assault was the foreseeable, direct culmination of a prolonged, escalating confrontation that began inside Defendant's theater, continued uninterrupted throughout the entire duration of the movie, and ultimately erupted into extreme physical violence on Defendant's Premises.

22. Despite having ample time and opportunity to monitor, observe, intervene, supervise, de-escalate, or summon law enforcement assistance regarding the ongoing threats and aggressive conduct, Defendant failed to take any reasonable measures to protect Plaintiff and other business invitees from predictable harm.

23. As a direct and proximate result of Defendant's negligence, including its failure to provide adequate security, staffing, supervision, intervention, monitoring, and protection for its invitees, Plaintiff suffered severe, permanent bodily injuries, extreme mental anguish, past and future medical expenses, lost wages, diminished earning capacity, and other severe damages.

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

## COUNT I
### Plaintiff v. Defendant
### (Negligence)

24.     Plaintiff hereby restates and incorporates by reference each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25.     At all times relevant, Defendant owned, operated, managed, and controlled the Marcus Arnold Cinema, and owed a non-delegable duty of care to its business invitees, including Plaintiff, to keep and maintain the entire Premises in a reasonably safe condition.

26.     This duty included an obligation to provide adequate security, proper staffing, regular monitoring of the auditoriums, and open avenues of communication or egress to protect patrons from foreseeable, escalating hazards, including the foreseeable hostile actions of other patrons.

27.     Defendant breached its duty of care to Plaintiff by failing to exercise ordinary care through the following negligent acts and omissions:

    a.  Defendant failed to reasonably monitor and supervise the theater auditorium during the screening.

    b.  Defendant failed to intervene, de-escalate, or eject the Disruptive Group despite a continuous pattern of audible verbal harassment and physical object throwing lasting the entire duration of the movie.

    c.  Defendant failed to maintain adequate staffing, security personnel, or management representatives readily available to address an open, obvious, and escalating crisis.

    d.  Defendant failed to recognize that by negligently locking the theater access doors, it trapped patrons inside a hostile and dangerous environment, prevented

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

outside assistance from entering, and obstructed Plaintiff's ability to enter and protect his family.

e. Defendant failed to monitor, secure, and patrol its parking lot when an ongoing, hostile confrontation was predictably spilling out from the interior theater onto the exterior Premises.

f. Defendant failed to timely summon law enforcement assistance despite having ample time and opportunity to observe an imminent threat of physical violence.

28. As a direct and proximate result of Defendant's operational negligence, the Disruptive Group's hostile behavior went unchecked, directly culminating in a violent parking lot assault where Plaintiff was punched and struck by a vehicle.

29. As a direct and proximate result of Defendant's operational negligence, Plaintiff sustained severe, catastrophic, permanent, and life-altering injuries, including six fractured ribs; a collapsed left lung; seven fractured vertebrae requiring surgical fusion with a steel rod implanted in the spine; a traumatic right foot and ankle injury, including detachment of the foot and fusion of the ankle bones; a ruptured abdominal aorta requiring three abdominal surgeries; a ruptured aorta in the neck requiring placement of a vascular stent; multiple traumatic brain injuries, including multiple concussions, more than eight hematomas and/or intracranial brain bleeds, and a head laceration requiring approximately twenty stitches; extensive bruising and soft-tissue injuries; permanent nerve damage and numbness in the left leg; seizures and blackout episodes; a permanent limp and gait impairment; and other serious physical injuries and complications.

30. As a result of these injuries, Plaintiff has suffered and will continue to suffer significant pain, physical impairment, disability, disfigurement, emotional distress, and a substantial loss of enjoyment of life.

Electronically Filed - Jefferson - June 30, 2026 - 11:51 AM

31.     As a result of these injuries and damages, Plaintiff has incurred and will continue to incur lost wages and lost earnings.

WHEREFORE, Plaintiff, Shawn Carden, demands judgment against Marcus Theatres, LLC d/b/a Marcus Arnold Cinema, for all injuries and damages alleged above including damages for bodily injury, mental anguish, emotional distress, pain and suffering, medical and therapy bills, lost earnings, loss of enjoyment of life, in excess of $50,000.00, for cost and interest and any such further relief as the Court deems just and proper.

**PLAINTIFFS REQUESTS TRIAL BY JURY.**


**Dated**: June 30, 2026.                                  Respectfully submitted

                                                           */s/ David A. Nester*
                                                           David A. Nester # 35823
                                                           Morgan & Morgan, P.A.
                                                           200 N. Broadway, Suite 720
                                                           St. Louis, MO 63102
                                                           Tel: (314) 252-7219
                                                           Fax: (314) 252-7269
                                                           Email: david.nester@forthepeople.com
                                                                   pdasgupta@forthepeople.com
                                                                   kierstin.patterson@forthepeople.com
                                                                   jade.mcdaniel@forthepeople.com
                                                           **ATTORNEY FOR PLAINTIFF**